**EXHIBIT "A"**

IN THE CIRCUIT COURT OF THE 17th JUDICIAL
CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.:

ERIN GILBERT AND PATRICK
GILBERT,

      Plaintiffs,

v.

JUST CBD LLC, a Florida limited
liability company, JUST BRANDS USA
INC., a Florida limited liability company,
JUST BRANDS FL LLC, a Florida
limited liability company, SPEEDY
DISTRIBUTION GROUP INC., a
Florida limited liability company, S&H
WORLD HOLDINGS LLC, a Florida
limited liability company, and SSGI
FINANCIAL SERVICES, INC., a Florida
limited liability company,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Erin Gilbert and Patrick Gilbert, by way of Complaint against Defendants, Just

CBD LLC, Just Brands USA, Inc., Just Brands FL LLC, Speedy Distribution Group Inc., S&H

World Holdings LLC and SSGI Financial Services Inc., each of whom collectively do business

as "Just CBD", allege as follows:

### JURISDICTION AND VENUE

1.    This is an action for damages in excess of fifteen thousand dollars ($15,000.00),

exclusive of costs, interest and attorneys' fees.

2.      Defendants are subject to personal jurisdiction in Florida because they are domestic, for-profit corporations incorporated under the laws of the state of Florida and/or they operate, conduct, engage in or carry out business in Florida pursuant to Florida Statute § 48.193.

3.      Venue is proper in Broward County because a substantial portion of the tortious conduct giving rise to the Plaintiffs' claims emanated from activities within this county and Defendants are incorporated in and/or conduct substantial business within this county.

## THE PARTIES

4.      Plaintiff, Erin Gilbert, is an adult individual and U.S. citizen with a permanent residence in St. Croix, a territory in the U.S. Virgin Islands.

5.      Plaintiff, Patrick Gilbert, is the husband of Erin Gilbert and is an adult individual and U.S. citizen with a permanent residence in St. Croix, a territory in the U.S. Virgin Islands.

6.      Defendant, Just CBD LLC ("Just CBD") is a domestic for-profit corporation with a principal place of business at 2346 Thomas Street, Hollywood, FL 33020.  Just CBD designs, manufactures, markets, and/or globally distributes cannabidiol ("CBD") infused products, including vape oils, tinctures, creams and edibles, including, upon information and belief, the Just CBD product at issue in this litigation.  Upon information and belief, Just CBD's corporate operations are primarily carried out in Florida.

7.      Defendants, Just Brands USA Inc. ("Just Brands"), is a domestic for-profit corporation with a principal place of business at 7351 Wiles Rd., Suite 105, Coral Springs, FL 33067.   Just Brands designs, manufactures, markets and/or globally distributes Just CBD brand products and is responsible for the advertising, marketing and packaging of Just CBD brand products, including, upon information and belief, the Just CBD product at issue in this litigation.

2

8.      Defendant, Just Brands FL LLC ("Just Brands FL") is a domestic for-profit corporation with a principal place of business at 7351 Wiles Rd., Suite 105, Coral Springs, FL 33067.  Just Brands FL designs, manufactures, markets and/or globally distributes Just CBD brand products and is responsible for the advertising, marketing and packaging of Just CBD brand products, including, upon information and belief, the Just CBD product at issue in this litigation.

9.      Defendant, Speedy Distribution Group Inc. ("Speedy Distribution") is a domestic for-profit corporation with a principal place of business at 2342 Thomas Street, Hollywood, FL 33020.  Upon information and belief, Speedy Distribution is the primary or exclusive distributor of Just CBD brand products and was responsible for the distribution of the Just CBD product at issue in this litigation.

10.      Defendant, S&H World Holdings LLC is a domestic for-profit corporation with a principal place of business at 2346 Thomas Street, Hollywood, FL 33020.  S&H World Holdings LLC is the authorized manager of Defendant, Just CBD, designs, manufactures, markets and/or globally distributes Just CBD brand products and is responsible for the advertising, marketing and packaging of Just CBD brand products, including, upon information and belief, the Just CBD product at issue in this litigation.

11.      Defendant, SSGI Financial Services, Inc. ("SSGI") is a domestic for-profit corporation with a principal place of business at 763 NW 83rd Dr., Coral Springs, FL 33071.  Upon information and belief, SSGI is the parent company of Just Brands and Just Brands FL, and controls all aspects of Just CBD's operations, including maintenance of Defendants' online retail store www.justcbdstore.com.

12.     Collectively, each of the Defendants design, manufacture, label, test, market, sell and/or distribute products under the "Just CBD" name. At all times relevant hereto, each Defendant acted in concert with, and with the knowledge and approval of, and/or as the agent of the other Defendants within the course and scope of the agency, regarding the acts and omissions alleged herein. Plaintiffs reserve the right to amend their complaint following discovery regarding Defendants' corporate operations and/or relationships.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### A.   Vaping Linked to Ongoing, Multi-state Outbreak of Severe Lung Disease

13.     E-cigarettes or vaporizers ("vapes") are handheld battery powered devices that use a heating mechanism to create an inhalable aerosol from a pod or cartridge filled with vape liquid or oil.

14.     Vapes can be used with detachable or built in pods or cartridges containing nicotine/tobacco, CBD or tetrahydrocannabinol ("THC"), the active ingredient in marijuana.

15.     Vape pods and cartridges currently on the market are not regulated by the U.S. Food and Drug Administration ("FDA").

16.     On August 18, 2019, the FDA and U.S. Centers for Disease Control and Prevention ("CDC") launched an outbreak investigation after learning of more than 94 reports since June 2019 of severe pulmonary disease associated with vaping across several states and U.S. territories.

17.     By September 19, 2019, the CDC confirmed a sharp increase in the number of reported cases in the ongoing outbreak investigation. Presently, at least 530 individuals in 38 U.S. states and territories have suffered acute respiratory illnesses associated with vaping. From this group, the CDC confirmed 8 deaths.

4

18.    As of September 19, 2019, the FDA Criminal Division collected 150 vape cartridge samples from several states to conduct laboratory testing for chemicals, nicotine, opioids, THC, cutting agents, additives, poisons, toxins and pesticides.

19.    Numerous published studies and case reports confirm vaping can cause severe acute respiratory illness.

20.    Alone or in combination with thermal decomposition caused by heating coils in vaping devices, aerosols from vape oils can result in a variety of pulmonary illnesses such as chemical pneumonitis, acute eosinophilic pneumonia, acute and subacute hypersensitivity pneumonitis, lipoid pneumonia, metal fume fever and polymer fume fever. In severe cases, vaping can cause acute lung injury and acute respiratory distress syndrome. [1]

21.    In extreme cases, vaping has also been associated with full respiratory failure requiring mechanical intubation and extracorporeal membrane oxygenation (ECMO) life support.[2]

**B.  General Background of CBD**

22.    CBD is a popular naturally occurring ingredient derived from hemp plants unofficially used to manage certain conditions such as anxiety, depression, insomnia and chronic pain.

---

[1] Layden, *et al.*, Pulmonary Illness Related to E-Cigarette Use in Illinois and Wisconsin-Preliminary Report, New England Journal of Medicine, September 6, 2019; *see also* Sommerfeld CG, *et al.* Hypersensitivity Pneumonitis and Acute Respiratory Distress Syndrome from E-Cigarette Use, Pediatrics, June 2018.

[2] Aokage, *et al.*, Heat-not-burn Cigarettes Induce Fulminant Acute Eosinophilic Pneumonia Requiring Extracorporeal Membrane Oxygenation, Respiratory Medicine Case Reports, December 2018.

23.     CBD products come in many forms, including vaping oils, edibles, tinctures and creams.

24.     The Agricultural Improvement Act of 2018, also known as the Farm Bill, removed cannabis and cannabis derivatives that contain less than .03% THC from the definition of marijuana in the Controlled Substances Act, thereby allowing the sale of certain CBD products in the U.S. depending on how they are marketed to consumers.

25.     With major retailers like CVS, Walgreens and Kroger entering the market, the production, sale and distribution of CBD is a booming industry "gaining in popularity among consumers with the legal market projected to surpass \$23 billion in annual U.S. sales by 2023."[3]

26.     However, little is known about the safety of CBD, and in particular the safety of CBD vaping products.

27.     In a July 2019 statement on the agency's website, the FDA stated that "while [it] recognize[s] the potential benefits of CBD, questions remain regarding its safety."  The FDA went on to note that during a recent review of certain CBD products marketed with unsubstantiated therapeutic claims, it "tested the chemical content of cannabinoid compounds in some of the products, and many were found not to contain the levels of CBD they claimed to contain."[4]

---

[3] https://www.forbes.com/sites/brucejapsen/2019/07/11/cvs-walgreens-to-lead-23-billion-cbd-market-by-2023/#6bf5a78852ca (last accessed on September 20, 2019).

[4] "FDA Is Committed to Sound, Science-based Policy on CBD", July 17, 2019, available online at https://www.fda.gov/news-events/fda-voices-perspectives-fda-leadership-and-experts/fda-committed-sound-science-based-policy-cbd (last accessed on September 20, 2019).

## C. Defendants' Just CBD Vape Products

28.     Defendants market their Just CBD vape products as a 100% safe way to increase acuity and combat stress on a daily basis.  Defendants claim "[u]sers are known to feel more attentive to their surroundings. CBD vape juice for cartridges is often considered a 'huge relief' felt throughout the body, as well as the mind.  It's like taking an Advil, only hemp-derived CBD is completely natural and comes with zero side effects."[5]

29.     Defendants misrepresent the health risks of their Just CBD vape products by failing to include any warnings regarding the risk of acute respiratory injury with the product itself or elsewhere in their marketing materials.

30.     Defendants further misrepresent and downplay the health risks of their Just CBD vape products by telling customers "our range of flavors include strawberry, blueberry, mango, and honey. Each flavor will bring you back to your favorite memory. Everything will be just fine after a couple of hits of the CBD oil. Get back to feeling the way you should be!"[6]

31.     Defendants further misrepresent the health risks of their Just CBD vape products by claiming:

> Just CBD was founded on the basis to offer the purest CBD vape
> oil cartridges and CBD products. We believe you have the right to
> know exactly what is inside your CBD products. Our mission and
> promise to never misrepresent the content of our products. All our
> products have been rigorously tested by World Class labs, and we
> are confident that all CBD pen cartridges and vape oil cartridges

---

[5] https://www.justcbdstore.com/product-category/cbd-vape-cartridges/ (last accessed on September 20, 2019).

[6] *Id.*

are made with the purest quality CBD oil, we stand behind all the products we sell.[7]

32.     Upon information and belief, Defendants' Just CBD Mango vape cartridges contain harmful toxins, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

### D.  Factual Allegations Specific to Plaintiff, Erin Gilbert

33.     On or about August 15, 2019, Plaintiff, Erin Gilbert, purchased a Just CBD Mango flavored 200mg vape cartridge ("Just CBD Mango") for the first time from a local vendor in St. Croix.

34.     Prior to August 15, 2019, Erin Gilbert had never vaped any products containing CBD, including Just CBD Mango.

35.     Erin Gilbert vaped Just CBD Mango daily from August 15, 2019 through and including August 18, 2019.

36.     On August 19, 2019, Plaintiff, Erin Gilbert, presented to the emergency department of Juan F. Luis Memorial Hospital and Medical Center in St. Croix with unexplained fevers, shortness of breath, cough, vomiting and diarrhea.

37.     Erin Gilbert was admitted and initially diagnosed with bilateral lower lobe pneumonia.

38.      Despite antibiotic therapy, Erin Gilbert's pneumonia swiftly progressed, leading to acute respiratory failure which forced physicians to intubate and put her on a ventilator.

---

[7] *Id.*

39.     Throughout the evening of August 20, 2019 and the early morning hours of August 21, 2019, Erin Gilbert coded at least 6 times as she awaited transfer to the intensive care unit.

40.     On August 22, 2019, Erin Gilbert was air lifted to Jackson Memorial Hospital-Miami to be placed on ECMO life support.

41.     Upon arrival at Jackson Memorial Hospital-Miami's surgical intensive care unit, Erin Gilbert was in a paralyzed state with acute respiratory distress and multiorgan failure, including acute kidney injury, acute liver injury and lactic acidosis.

42.     On August 23, 2019, Erin Gilbert underwent emergency surgery to treat significant bilateral blood clotting and loss of circulation in both of her legs caused by multiple hypoxic events.  The surgery was unable to prevent progressive necrosis in her lower extremities.

43.     On August 25, 2019, Erin Gilbert underwent cryoamputation of non-viable segments of her right leg.

44.     On August 27, 2019, Erin Gilbert underwent a right knee disarticulation in preparation for amputation.

45.     On or about September 3, 2019, Erin Gilbert was weaned off ECMO life support and underwent placement of a tracheostomy tube for respiratory function.

46.     On September 6, 2019, Erin Gilbert underwent a transmetatarsal amputation of her right leg from above the knee and a left leg debridement with closure of left leg fasciotomies.

47.     On September 23, 2019, Erin Gilbert underwent a transmetatarsal below the knee amputation of her left leg due to extreme necrosis.

48.     Presently, Plaintiff, Erin Gilbert, remains hospitalized in critical condition and continues significant medical treatment.

49.     After ruling out any infectious (bacterial, viral or fungal) cause, Erin Gilbert's treating physicians have attributed each of her catastrophic injuries to vaping.

50.     As a direct and proximate result of Defendants' negligence and liability producing conduct as described herein, Plaintiff, Erin Gilbert, a previously healthy 35 year old mother of three young children, suffered catastrophic permanent injuries and disfigurement, including but not limited to, bilateral pneumonia, acute respiratory distress syndrome, septic shock, acute kidney injury, acute liver injury, multiple cardiac arrests, septic emboli to bilateral legs, right leg amputation from above the knee and left amputation from below the knee.

51.     As a direct and proximate result of Defendants' negligence and liability producing conduct as described herein, Plaintiffs, Erin and Patrick Gilbert, expended various sums of money for Erin Gilbert's medical care and treatment.

52.     As a direct and proximate result of Defendants' negligence and liability producing conduct as described herein, Plaintiff, Erin Gilbert, suffered a substantial loss of earning capacity.

53.     As a direct and proximate result of Defendants' negligence and liability producing conduct as described herein, Plaintiff, Erin Gilbert, suffered and continues to suffer excruciating and agonizing physical and emotional pain and suffering.

54.     As a further direct and proximate result of Defendants' negligence and liability producing conduct as described herein, Plaintiff, Patrick Gilbert, was deprived of the care, comfort, companionship, services and consortium of his wife, Erin Gilbert.

55.     As a further direct and proximate result of Defendants' negligence and liability producing conduct as described herein, Plaintiffs' three minor children, have been and will

continue to be deprived of the companionship, comfort, care, society, services, guidance, affection and aid of their mother, Erin Gilbert.

**COUNT I**
**Strict Liability-Design Defect**
**Plaintiffs v. All Defendants**

56.     Plaintiffs reallege and reincorporate by reference paragraphs 1 through 55 as if fully set forth herein.

57.     Defendants are engaged in the business of designing, manufacturing, testing, labeling, marketing, distributing and/or selling Just CBD products, including Just CBD Mango.

58.     The Just CBD Mango used by Plaintiff Erin Gilbert was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce by the Defendants.

59.     Just CBD Mango is a product within the meaning of Florida products liability law.

60.     Defendants designed Just CBD Mango for the purpose of vaping.

61.     The Just CBD Mango used by Plaintiff Erin Gilbert was defectively designed when it left the possession of Defendants and was unreasonably dangerous to foreseeable users, and the product was expected to and did reach foreseeable users including Erin Gilbert without substantial change affecting its condition.

62.     The design of the Just CBD Mango used by Plaintiff Erin Gilbert was defective and unreasonably dangerous at the time it was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce for reasons including but not limited to the following:

a.  no adequate safety and efficacy testing was performed before placing Just CBD Mango into the stream of commerce;

b.  appropriate procedures for reviewing the design of Just CBD Mango were never established;

c.  procedures for validation or, where appropriate, review and approval of design changes orders for Just CBD Mango were never established;

d.  available reasonable alternative designs for Just CBD Mango which would have eliminated or reduced the risk of catastrophic acute respiratory injury were not utilized; and

e.  Just CBD Mango was designed with harmful toxins, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

63.     The above defects existed at the time of the design, manufacture, testing, labeling, marketing, distribution and/or placing into the stream of commerce of the Just CBD Mango by the Defendants.

64.     Just CBD Mango was expected to reach, and did reach, users and/or consumers, including Plaintiff, Erin Gilbert, without substantial change in the defective and unreasonably dangerous condition in which it was sold or distributed. As a result, Defendants are strictly liable to the Plaintiffs.

65.     At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to the Defendants.

66.     An ordinary consumer using Just CBD Mango would reasonably expect the product to be free of significant defects.

67.    The foreseeable risks of Just CBD Mango, particularly catastrophic acute respiratory injury and/or death, significantly outweigh the benefits conferred upon consumers using Just CBD Mango.

68.    Reasonable alternative designs existed for Just CBD Mango which would have eliminated or reduced the risk of catastrophic acute respiratory injury.

69.    The failure to use feasible, reasonable alternative designs that minimized or eliminated the risk of catastrophic acute respiratory injury renders Just CBD Mango defective and unreasonably dangerous.

70.    Defendants knew or should have known that Just CBD Mango contained harmful toxins, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

71.    Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement because of the aforesaid design defects in Just CBD as described above.

WHEREFORE, Plaintiffs, Erin and Patrick Gilbert, demand judgment against Defendants, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida, together with interest thereon, costs of suit and attorneys' fees.

## COUNT II
### Negligent Design
### Plaintiffs v. All Defendants

72.    Plaintiffs reallege and reincorporate by reference the paragraphs 1 through 55 as if fully set forth herein.

13

73.     At all times material, Defendants had a duty to exercise due care in the design, manufacture, look testing, labeling, marketing, distribution and/or selling of Just CBD products, including Just CBD Mango, so that the Just CBD Mango would be reasonably safe for its intended use and for other uses that were reasonably foreseeable.

74.     Defendants breached their duties in the design of Just CBD Mango in multiple ways including but not limited to:

a.   Failing to conduct adequate safety and efficacy testing before placing Just CBD Mango into the stream of commerce;

b.   Failing to establish appropriate procedures for reviewing the design of Just CBD Mango;

c.   Failing to establish procedures for validation or, where appropriate, review and approval of design changes orders for Just CBD Mango;

d.   Failing to utilize available reasonable alternative designs for Just CBD Mango which would have eliminated or reduced the risk of catastrophic acute respiratory injury; and

e.   Designing Just CBD Mango with harmful toxins, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

75.     Defendants knew, or with the exercise of reasonable care should have known, that the Just CBD Mango was negligently designed as described above and knew or should have known that the Just CBD Mango, when used for the purposes for which it was designed and intended to be used, was unreasonably dangerous.

14

76.     The Plaintiffs were unaware of the defects in the design or of the dangerousness of the Just CBD Mango, which made the product unsafe for its intended and foreseeable uses.

77.     As a direct and proximate result of Defendants' negligence in the design of Just CBD Mango, Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement.

WHEREFORE, Plaintiffs, Erin and Patrick Gilbert, demand judgment against Defendants, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida, together with interest thereon, costs of suit and attorneys' fees.

## COUNT III
### Strict Liability-Manufacturing Defect
### Plaintiffs v. All Defendants

78.     Plaintiffs reallege and reincorporate by reference paragraphs 1 through 55 as if fully set forth herein.

79.     Defendants are engaged in the business of designing, manufacturing, testing, labeling, marketing, distributing and/or selling Just CBD products, including Just CBD Mango.

80.     The Just CBD Mango used by Plaintiff Erin Gilbert was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce by the Defendants.

81.     Just CBD Mango is a product within the meaning of Florida products liability law.

82.     Defendants manufactured Just CBD Mango for the purpose of vaping.

83.     The Just CBD Mango used by Plaintiff Erin Gilbert was defectively manufactured when it left the possession of Defendants and was unreasonably dangerous to foreseeable users,

15

and the product was expected to and did reach foreseeable users including Erin Gilbert without substantial change affecting its condition.

84.     The manufacture of the Just CBD Mango used by Plaintiff Erin Gilbert was defective and unreasonably dangerous at the time it was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce for reasons including but not limited to the following:

a.  Defendants failed to timely establish procedures or practices to prevent Just CBD Mango from being contaminated during the manufacturing and/or distribution process with harmful toxins and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury;

b.  Defendants manufactured and sold Just CBD Mango with harmful contaminants, toxins and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury;

c.  Defendants failed to implement and/or adhere to proper quality control measures to ensure that Just CBD Mango was not contaminated with harmful toxins and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury; and

d.  Defendants failed to ensure proper workmanship, materials and labeling for Just CBD Mango.

85.     The above defects existed at the time of the design, manufacture, testing, labeling, marketing, distribution and/or placing into the stream of commerce of the Just CBD Mango by the Defendants.

86.     Just CBD Mango was expected to reach, and did reach, users and/or consumers, including Plaintiff, Erin Gilbert, without substantial change in the defective and unreasonably dangerous condition in which it was sold or distributed. As a result, Defendants are strictly liable to the Plaintiffs.

87.     At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to Defendants.

88.     An ordinary consumer of Just CBD Mango would expect that the product be free of significant defects.

89.     The foreseeable risks of using Just CBD Mango, particularly catastrophic acute respiratory injury and/or death, significantly outweigh the benefits conferred upon consumers using Just CBD Mango.

90.     The failure to safely manufacture Just CBD Mango in a way that minimized or eliminated the risk of acute catastrophic respiratory injury renders Just CBD Mango defective and unreasonably dangerous.

91.     Defendants knew or should have known that Just CBD Mango contained harmful toxins, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

92.     Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement because of the aforesaid manufacturing defects in Just CBD Mango as described above.

WHEREFORE, Plaintiffs, Erin and Patrick Gilbert, demand judgment against Defendants, individually, jointly, vicariously, severally, and/or in the alternative, for such

damages as may be permitted pursuant to the laws of the State of Florida, together with interest thereon, costs of suit and attorneys' fees.

**COUNT IV**
**Negligent Manufacturing**
**Plaintiffs v. All Defendants**

93.    Plaintiffs reallege and reincorporate by reference paragraphs 1 through 55 as if fully set forth herein.

94.    At all times material, Defendants had a duty to exercise due care in the design, manufacture, testing, labeling, marketing, distributing and/or selling of Just CBD Products, including Just CBD Mango, so that the Just CBD Mango would be reasonably safe for its intended use and for other uses that were reasonably foreseeable.

95.    Defendants breached their duty in the manufacture of Just CBD Mango in multiple ways including but not limited to:

    a.   Failing to timely establish procedures or practices to prevent Just CBD Mango from being contaminated during the manufacturing and/or distribution process with harmful toxins and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury;

    b.   Manufacturing and selling Just CBD Mango with harmful contaminants,  toxins and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury;

    c.   Failing to implement and/or adhere to proper quality control measures to ensure that Just CBD Mango was not contaminated with harmful toxins and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury; and

18

d.   Failing to ensure proper workmanship, materials and labeling for Just CBD Mango.

96.    Defendants knew, or with the exercise of reasonable care should have known, that the Just CBD Mango was negligently manufactured as described above and knew or should have known that the Just CBD Mango, when used for the purposes for which it was designed and intended to be used, was unreasonably dangerous.

97.    Plaintiffs were unaware of the defects in the manufacture or of the dangerousness of the Just CBD Mango, which made the product unsafe for its intended and foreseeably uses.

98.    As a direct and proximate result of Defendants' negligence in the design of Just CBD Mango, Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement.

WHEREFORE, Plaintiffs, Erin and Patrick Gilbert, demand judgment against Defendants, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida, together with interest thereon, costs of suit and attorneys' fees.

**COUNT V**
**Strict Liability- Warnings Defects**
**Plaintiffs v. All Defendants**

99.    Plaintiffs reallege and reincorporate by reference paragraphs 1 through 55 as if fully set forth herein.

100.    Defendants are engaged in the business of designing, manufacturing, labeling, testing, marketing, distributing and/or selling Just CBD products, including Just CBD Mango.

101.    The Just CBD Mango used by Plaintiff Erin Gilbert was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce by the Defendants.

102.    Just CBD Mango is a product within the meaning of Florida products liability law.

103.    Defendants designed, marketed, advertised, promoted and labeled Just CBD Mango for the purpose of vaping.

104.    Defendants created labeling, packaging, marketing materials, distribution materials and sales materials including warnings for Just CBD Mango.

105.    The Just CBD Mango used by Plaintiff Erin Gilbert had defective labeling, packaging, marketing materials, distribution materials and sales materials including warnings when it left possession of Defendants and was unreasonably dangerous for foreseeable users, and the product was expected to and did reach foreseeable users including Erin Gilbert without substantial change in its warnings.

106.    The labeling, packaging, marketing materials, distribution materials and sales materials including warnings was defective and unreasonably dangerous at the time it was labeled, packaged, marketed, distributed and/or placed into the stream of commerce for reasons including but not limited to the following:

    a.  Failing to include labeling or a package insert with Just CBD Mango advising consumers including Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury; and

    b.  Failing to otherwise warn consumers of Just CBD Mango, including, Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury.

107.    The above defects existed at the time of the design, manufacture, testing, labeling, marketing, distribution and/or placed into the stream of commerce of the Just CBD Mango by the Defendants.

108.    Just CBD Mango was expected to reach, and did reach, users and/or consumers, including Plaintiff, Erin Gilbert, without substantial change in the defective and unreasonably dangerous condition in which it was labeled, packaged, marketed, distributed and sold. As a result, Defendants are strictly liable to Plaintiffs.

109.    At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to Defendants.

110.    An ordinary consumer of Just CBD Mango would expect that the product and its warnings be free of significant defects.

111.    The foreseeable risks of using Just CBD Mango, including catastrophic acute respiratory injury and/or death, significantly outweigh the benefits conferred upon consumers using Just CBD Mango.

112.    Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement because of the aforesaid warning defects in Just CBD Mango as described above.

WHEREFORE, Plaintiffs, Erin and Patrick Gilbert, demand judgment against Defendants, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida, together with interest thereon, costs of suit and attorneys' fees.

## COUNT VI
### Negligence-Warnings Defects
### Plaintiffs v. All Defendants

113.    Plaintiffs reallege and reincorporate by reference paragraphs 1 through 55 as if fully set forth herein.

114.    At all times material, Defendants had a duty to exercise due care in the design, manufacture, testing, labeling, marketing, distribution and/or selling of Just CBD products, including Just CBD Mango, so that the Just CBD Mango would be reasonably safe for its intended use and for other uses that were reasonably foreseeable.

115.    Defendants breached their duty in the warnings contained in the labeling, marketing, distribution, advertising, promoting and/or selling of the Just CBD Mango in multiple ways including but not limited to:

    a.   Failing to include labeling or a package insert with Just CBD Mango advising consumers, including Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury; and

    b.   Failing to otherwise warn consumers of Just CBD Mango, including, Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury.

116.    Defendants marketed, advertised, promoted and labeled Just CBD Mango for the purpose of vaping.

117.    Defendants knew, or with the exercise of reasonable care should have known, that the Just CBD Mango included negligent warnings as described above and knew or should have known that the Just CBD Mango, when used for the purposes for which it was designed and intended to be used, was unreasonably dangerous.

118.   At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to Defendants.

119.   The Plaintiffs were unaware of the defects in the warnings included or of the dangerousness of the Just CBD Mango, which made the product unsafe for its intended and foreseeable uses.

120.   As a direct and proximate result of Defendants' negligence in the labeling, marketing, distributing, advertising, promoting and/or selling Just CBD Mango, Plaintiff, Erin Gilbert, was proximately harmed.

121.   As a direct and proximate result of Defendants' negligence in the warnings on Just CBD Mango, Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement.

WHEREFORE, Plaintiffs, Erin and Patrick Gilbert, demand judgment against Defendants, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida, together with interest thereon, costs of suit and attorneys' fees.

### COUNT VII
### Loss of Spousal Consortium
### Plaintiffs v. All Defendants

122.   Plaintiffs reallege and reincorporate paragraphs 1 through 55 as if fully set forth herein.

123.   Plaintiff, Patrick Gilbert, at all times material was legally married to Plaintiff Erin Gilbert.

124.   Plaintiff, Patrick Gilbert, was and is entitled to the care, comfort, companionship, companionship, society, attention, services, and consortium of his lawful wife, Erin Gilbert.

23

125.    As a result of the Plaintiff, Erin Gilbert's catastrophic permanent personal injuries and disfigurement as described above, Plaintiff, Patrick Gilbert, has and will continue to be deprived of the care, companionship, society, attention, services and consortium of his wife.

WHEREFORE, Plaintiff, Patrick Gilbert, demands judgment against Defendants, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida, together with interest thereon, costs of suit and attorneys' fees.

## COUNT VIII
### Loss of Parental Consortium
### Plaintiffs v. All Defendants

126.    Plaintiffs reallege and reincorporate by reference paragraphs 1 through 55 as if fully set forth herein.

127.    Together, Plaintiffs, Erin and Patrick Gilbert, have three minor children who are presently 5, 6 and 8 years old.

128.    Plaintiffs' minor children were and are entitled to the comfort, care, consortium, affection, companionship, society, attention, services, and aid of their mother, Erin Gilbert.

129.    As a result of Plaintiff, Erin Gilbert's, catastrophic permanent personal injuries and disfigurement as described above, Plaintiff's three minor children have been and will continue to be deprived of the comfort, care, consortium, affection, companionship, society, attention, services and aid of their mother, Erin Gilbert.

130.    On behalf of their minor children, Plaintiffs, Erin and Patrick Gilbert, seek damages for loss of parental consortium.

WHEREFORE, Plaintiffs, Erin and Patrick Gilbert, demand judgment against Defendants, individually, jointly, vicariously, severally, and/or in the alternative, for such

damages as may be permitted pursuant to the laws of the State of Florida, together with interest thereon, costs of suit and attorneys' fees.

## **PRAYER FOR RELIEF**

Plaintiffs, Erin and Patrick Gilbert, request the Court to enter judgment against the Defendants as follows:

A.     Plaintiff, Erin Gilbert, has suffered personal injuries, property damage and other losses and seeks all damages recoverable under law, including for (a) bodily injury and any resulting pain-and-suffering, disability or physical impairment, disfigurement, mental anguish, inconveniences or loss of capacity for the enjoyment of life, experience in the past are to be experienced in the future; (b) the expense of hospitalization, medical and nursing care and treatment necessarily or reasonably obtained in the past were to be so obtained in the future; and (c) any earnings or working time lost in the past and any loss of ability to earn money in the future;

B.     Plaintiff, Patrick Gilbert, has been in the past and will be in the future deprived of the comfort, care, and consortium, companionship, society, affection and services of his lawful wife, Erin Gilbert, and seeks all such damages recoverable under law; and an award of pre-judgment and post-judgment interest, as provided by law;

C.     Plaintiffs, Erin and Patrick Gilbert's three minor children have in the past and will be in the future deprived of the comfort, care, and consortium, companionship, society, affection and services of their mother, Erin Gilbert, and through their natural parents, Erin and Patrick Gilbert, seek all such damages recoverable under law; and an award of pre-judgment and post-judgment interest, as provided by law; and

D.     Such other relief as may be appropriate under the circumstances.

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury on all issues so triable as a matter of right.

Dated: September 25, 2019

Respectfully submitted,

**ANAPOL WEISS**

By: _/s/ **Sol H. Weiss**_
Sol H. Weiss, Esquire (PA # 15925)
Tracy A. Finken, Esquire (PA # 82258)
Paola Pearson, Esquire (PA # 318356)
(Pro Hac Applications Forthcoming)
One Logan Square
130 N. 18th St., Suite 1600
Philadelphia, PA 19103
215-735-1130 (P)
215-875-7701 (F)
sweiss@anapolweiss.com
tfinken@anapolweiss.com
ppearson@anapolweiss.com

AND

**COLSON HICKS EIDSON, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: (305) 476-7400
Facsimile: (305) 476-7444

By: **/s/ Julie Braman Kane**
Julie Braman Kane
Florida Bar No. 980277
Primary E-mail: julie@colson.com
Secondary E-mail: b.cancela@colson.com
                                        eservice@colson.com

*Counsel for Plaintiffs, Erin and Patrick Gilbert*