UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 21-61867-CIV-DIMITROULEAS/HUNT

KINSALE INSURANCE COMPANY,

    Plaintiff,

v.

BEST WELLNESS USA, et al.,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

THIS CAUSE is before this Court on Defendant's Motion for Attorneys' Fees, ECF No. 16.  The Honorable William P. Dimitrouleas referred the Motion to the undersigned for a Report and Recommendation.  ECF No. 17; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1.  Upon thorough review of the record, applicable law, the Motion, the Response and the Reply thereto, the undersigned respectfully RECOMMENDS that Defendant's Motion for Attorneys' Fees, ECF No. 16, be GRANTED for the reasons set forth below.

## **BACKGROUND**

Kinsale Insurance Company ("Plaintiff") brought this action against Best Wellness USA, LLC, ("Defendant") and Erin and Patrick Gilbert seeking declaratory relief under an insurance policy that was at issue in a separate litigation ("underlying litigation") between Defendant, the insured under the policy, and Erin and Patrick Gilbert. ECF No. 1.  Plaintiff defended Defendant in the underlying action under a complete reservation of rights.  *See* ECF No. 1.  Plaintiff, as the insurer of the policy, sought declaratory relief claiming that it

had no duty to defend or indemnify Defendant in the underlying litigation. ECF No. 1. Plaintiff filed a notice of voluntary dismissal due to the fact that the Gilberts dismissed the underlying action without prejudice. ECF No. 14. The District Court approved the notice, closed the case, and dismissed the case without prejudice. ECF No 15.

Defendant moved for an award of attorneys' fees. ECF No. 16. Plaintiff filed a response in opposition and Defendant filed a reply to Plaintiff's opposition. ECF Nos. 20, 21.

## PARTIES' ARGUMENTS

Defendant contends that it is entitled to an award of attorneys' fees pursuant to Section 627.428(1) of the Florida Statutes because the District Court dismissed the case without prejudice. Defendant seeks attorneys' fees in the amount of $15,515.50.[1] Defendant's counsel also contends that the hourly rates sought and the hours expended are reasonable.

Plaintiff responds that Defendant is not entitled to an award of fees. Plaintiff contends that Defendant is not the prevailing party because Defendant did not obtain any sort of recovery in the instant action. In the underlying litigation, Plaintiff claims that the Gilberts dismissed the action without prejudice and without leave from the state court. Thus, in an effort to not waste this Court's resources, Plaintiff elected to dismiss this action without prejudice. Further, Plaintiff contends that Defendant invokes the incorrect statute as a basis for fees because Plaintiff is a surplus lines insurer, and thus § 626.9373(1) applies, not § 627.428(1). However, Plaintiff asserts that Defendant is not the prevailing

---

1. Defendant initially sought $11,973.50 in attorneys' fees; however, in its Reply, Defendant stated that it is now seeking $15,515.50 (an additional $3,542) in attorneys' fees. *See* ECF No. 21.

2

party even under the correct statute. Additionally, Plaintiff argues that Defendant's Motion is untimely because Defendant filed the Motion over sixty days after the Gilberts dismissed the underlying lawsuit.

Defendant replies that Plaintiff paid for the defense in the underlying litigation under a reservation of rights, and thus, Plaintiff's voluntary dismissal gave Defendant the benefit of the defense in the state court action.  Defendant argues that Plaintiff could have moved to continue the instant action to allow time to decide whether it had a duty to defend and seek reimbursement for costs of the defense in the state court case.  Instead, Plaintiff chose to voluntarily dismiss the action, which Defendant contends is the functional equivalent of a confession of judgment.  Next, Defendant contends that even under § 626.9373 Defendant is entitled to an award of attorneys' fees because the statutes are virtually identical.  Defendant argues that the Motion is timely because the Motion was filed within sixty days of the District Court's dismissal of the instant action.

## **ENTITLEMENT**

Section 626.9373(1) of the Florida Statutes states:

> Upon the rendition of a judgment or decree by any court of this state against a surplus lines insurer in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer on or after the effective date of this act, the trial court or, if the insured or beneficiary prevails on appeal, the appellate court, shall adjudge or decree against the insurer in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the lawsuit for which recovery is awarded.

The purpose behind the statute is to "to place the insured . . . in the place she would have been if the carrier had seasonably paid the claim or benefits without causing the payee to engage counsel and incur obligations for attorney's fees."  *Maloy v. Scottsdale Ins. Co.*, 376 F. Supp. 3d 1249, 1253 (S.D. Fla. 2019) (alteration in original).

3

The undersigned finds *Capitol Specialty Insurance Corp. v. Ortiz* to be instructive on whether Defendant is entitled to fees. No. 17-233329-CIV-SCOLA/TORRES, 2019 WL 383868, at *3 (S.D. Fla. Jan. 15, 2019), *report and recommendation adopted*, 2019 WL 367916 (S.D. Fla. Jan. 30, 2019). In *Ortiz*, the insurer sought to amend its complaint after the plaintiff in the underlying litigation amended its complaint against the insured. *Id.* The court dismissed the case without prejudice and granted the insurer leave to refile in a separate litigation. The court noted that the procedural posture of the case was the mirror image of a similar case in this district and that "the overarching principle . . . is that a dismissal without prejudice for lack of subject matter jurisdiction triggers the application of § 626.9373." *Id.* at *4; *see also Prime Ins. Syndicate, Inc. v. Soil Tech Distribs., Inc.*, 270 Fed. App'x 962, 963 (11th Cir. 2008) ("By its very terms [Fla. Stat. §627.428(1)] does not require an insured party to succeed on the merits of a case in order to recover attorney's fees.")[2].

Further, in *Atain Specialty Ins. Co. v. Henry's Carpet & Interiors, Inc.*, the court held:

> [Plaintiff's] first argument—that it properly filed the declaratory-judgment action based on the original complaint in the Underlying Action—has some practical appeal. Why, after all, should we penalize an insurance company for filing a meritorious lawsuit and then backing out of that lawsuit once the underlying complaint, as amended, proves the lawsuit's unviability? Ultimately, though, the argument assumes too much. We, after all, never had occasion to say whether the allegations of the original complaint (in the Underlying Action) triggered the duty to defend—though we note that the standard is generally quite favorable to the insured.

---

2.  The only difference between § 627.428 and § 626.9373 is that § 627.428 applies generically to insurers whereas § 626.9373 applies to surplus line insurance carriers. *Ortiz*, 2019 WL 383868, at *3; *see also Stavrakis v. Underwriters at Lloyd's London*, Case No.: 8:16-cv-2343-EAK-JSS, 2018 WL 4908104, at *2 (M.D. Fla. June 29, 2018) ("[T]hose sections are virtually identical, however, whether the fees are predicated upon Section 627.428 or Section 626.9373 is a distinction without a difference.") (citations omitted).

> . . . .
>
> Either way, the plain language of the statute requires that, "upon the rendition of a judgment in favor of" the insured, the trial court "shall adjudge or decree against the insurer in favor of the insured . . . a reasonable sum as fees or compensation for the insured's . . . attorney prosecuting the lawsuit for which recovery is awarded."
>
> . . . .
>
> [Plaintiff] counters that, given its acquiescence to [Defendant's] motion to dismiss, our Dismissal Order didn't amount to a "rendition of judgment" within the meaning of Florida law. . . . We disagree—not only because [Plaintiff] doesn't cite (and we cannot find) any authority for this proposition, . . . but also because any dismissal in favor of the insured—even one without prejudice—constitutes a "rendition of judgment in favor of" the insured for purposes of the [§ 626.9373].

564 F. Supp. 3d 1265, 1270 (S.D. Fla. 2021) ("[B]ecause we dismissed the case . . . the statute compels us to enter an award of attorneys' fees.") (citations omitted).  Even an insurer's decision to voluntarily dismiss its case constitutes a "judgment" for the insured.  *See id.* (citing *O'Malley v. Nationwide Mut. Fire. Ins. Co.*, 890 So. 2d 1163, 1164 (Fla. 4th DCA 2004)).

Here, the undersigned finds that Defendant is the prevailing party.  Courts within this District and Florida state courts have held that voluntary dismissals and dismissals without prejudice entitle the insured to an award of attorneys' fees under § 626.9373.  Thus, the undersigned finds that the District Court's Order dismissing the action without prejudice constitutes a "rendition of judgment" in favor of Defendant.  As a result, the statute compels this Court to enter an award of attorneys' fees.

Next, turning to Plaintiff's argument that Defendant's Motion is untimely, the undersigned finds that the Order dismissing the action in this Court is the Order that gave rise to Defendant's claim for attorneys' fees.  *See* S.D. Fla. R. 7.3(a)(1) (The Local Rule

5

requires that motions for attorneys' fees and costs be filed within 60 days of "the final judgment or order giving rise to the claim."). Defendant's Motion was filed within 60 days of the Order of Dismissal and therefore, the undersigned finds that the Motion is timely.

## **FEE AMOUNT**

This Court uses the lodestar method to calculate reasonable attorneys' fees, multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate for attorneys' fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also ACLU v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) ("The significant disparity in their experience should be reflected in the rates awarded."); *Brown v. Sch. Bd. of Broward Cty.*, No. 08-61592-CIV-DIMITROULEAS/SNOW, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010) (reducing requested hourly rate of a six-year attorney from $300 to $250). The movant bears the burden of proving that the requested rate is consistent with prevailing market rates. *Norman*, 836 F.2d at 1299, 1303. In addition to evidence presented by the movant, "[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotation marks omitted). Thus, even when the submitted evidence is deficient, a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing. *Id.*

1.    Reasonable Hourly Rate

Defendant seeks a combined total of $15,515.50 ($3,773 for attorney Jeremy Knight and $11,742.5 for attorney Shlomo Hecht) in attorneys' fees based upon professional services rendered.  ECF Nos. 16, 20.

This Court must consider the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), when "determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable.'" *Meyrowitz v. Brendel*, No. 16-81793-CIV-MARRA, 2018 WL 4440492, at *3 (S.D. Fla. Sept. 17, 2018).  Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
>
> The reasonable hourly rate is defined as the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.  The fee applicant bears the burden of establishing the claimed market rate.  The Court may use its own experience in assessing the reasonableness of attorney's fees.

*Id.* (internal quotations and citations omitted).

This Court has considered Defendant's Motion, Reply, and the *Johnson* factors. Attorneys Knight and Hecht both request an hourly rate of $385 and cite their four and four and a half years of experience, respectively, as support.  This Court requires Parties seeking attorneys' fees to file a notice of previously awarded fees from other cases in this District, which Defendant's counsel have done.  ECF Nos. 23, 24.  Notably, neither attorney has been awarded attorneys' fees in this District.  ECF No. 24.  Nevertheless,

7

based upon this Court's own knowledge and experience, the lack of any objection being raised by Plaintiff as to the hourly rates, and having considered the length and extent of litigation involved in the instant case, the Court concludes that a $385 hourly rate is reasonable for attorneys with Knights' and Hechts' experience.

  2. <u>Hours Reasonably Expended</u>

Upon determination of the hourly rate, a court must determine the reasonable amount of hours expended in the litigation. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Inquiry into the reasonable number of hours focuses on the attorney's exercise of "billing judgment," such as the attorney's exclusion of hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (internal quotation marks and emphasis omitted). Fee applicants must exclude hours that were not "reasonably expended" or that are determined to be "excessive, redundant, or otherwise unnecessary" from their fee calculations. *Hensley*, 461 U.S. at 434.

Defendant seeks attorneys' fees for 40.3 hours of work. This is based on 9.8 hours of work from Attorney Knight and 30.5 hours of work from Attorney Hecht. The fees were incurred while communicating with the client, reviewing records and pleadings, communicating with co-counsel and opposing counsel, drafting and filing the Motion to Dismiss, and drafting and filing the instant Motion for Attorneys' Fees and Reply. ECF No. 16-1. In support of this Motion, Defendant's counsel have submitted timesheets. ECF. Nos. 16-1, 21-1. Further, the undersigned notes that while Plaintiff objected to Defendant's overall entitlement to attorneys' fees, Plaintiff provided no specific objections

to the hours expended by Defendant's counsel. Nevertheless, the undersigned has reviewed the billing records line-by-line, compared them to the filings generated, and finds that the hours expended on the indicated tasks and overall litigation are reasonable.

3.   Lodestar Amount and Adjustment

"[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010). The Supreme Court has specifically identified three circumstances that may justify a deviation from the lodestar amount: 1) "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation"; 2) "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; and 3) when there are "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees." *Id.* at 554–56.

The undersigned finds no reason to depart from the lodestar calculation in this case. Therefore, multiplying Defendant's attorneys' reasonable number of hours expended by the respective hourly rates yields a recommended combined lodestar amount of $15,515.50 ($3,773 for attorney Knight and $11,742.5 for attorney Hecht).

## **RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Defendant's Motion for Attorneys' Fees, ECF No. 16, be GRANTED and Defendant be entitled to an award of attorneys' fees and costs in the amount of $15,515.50.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); see Thomas v. Arn, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 8th day of July 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable William P. Dimitrouleas
All Counsel of Record