UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-61867-CIV-DIMITROULEAS

KINSALE INSURANCE COMPANY,

    Plaintiff,

vs.

BEST WELLNESS USA, LLC,
ERIN GILBERT and PATRICK
GILBERT

    Defendant.
_____/

## ORDER APPROVING REPORT OF MAGISTRATE JUDGE

THIS CAUSE is before the Court on Defendant Best Wellness USA, LLC ("Defendant")'s Motion for Attorneys' Fees [DE 16], and the Report and Recommendation of Magistrate Judge Patrick M. Hunt (the "Report") [DE 25], dated July 8, 2022. The Court has conducted a *de novo* review of the Report [DE 25], Plaintiff Kinsale Insurance Company ("Plaintiff")'s Objections to the Magistrate Judge's Report and Recommendation [DE 26], Defendant's Response [DE 27], Plaintiff's Reply [DE 28], and the record herein. The Court is otherwise fully advised in the premises.

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific

objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the record and the Objections.

This declaratory action arose out of a dispute between Plaintiff, the insurer, and Defendant, the insured, regarding whether there is coverage for acute respiratory disease from cannabidiol products under an insurance policy with a Cannabis Health Hazard Exclusion. Plaintiff filed a two-count Complaint for declaratory relief in this Court on September 3, 2021, seeing a declaration under an insurance policy that Plaintiff had no duty to defend or indemnify Defendant in underlying litigation between Defendant and Erin and Patrick Gilbert. *See* [DE 1]. Plaintiff had defended Defendant in the underlying action under a complete reservation of rights. On November 9, 2021, Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice because the Gilberts dismissed Defendant from the underlying action without prejudice on October 27, 2021. *See* [DE 14]. The same day, this Court approved the Notice [DE 14], dismissed this action without prejudice, and closed the case. *See* [DE 15].

By the instant Motion, Defendant seeks an award of attorneys' fees in the amount of $15,515.50.[1] In the Report, Magistrate Judge Hunt recommends that the undersigned grant the Motion for Attorneys' Fees [DE 16] awarding Defendant attorneys' fees in the amount of $15,515.50.

---

[1] Defendant initially sought $11,973.50 in attorneys' fees. However, in its Reply, Defendant stated that it is now seeking $15,515.50 (an additional $3,542) in attorneys' fees. *See* [DE 21]. Judge Hunt incorporated this amount in his Report. *See* [DE 25]

2

Having carefully considered the Objections, and having reviewed the arguments and relevant case law, the Court overrules the Objections. The Court agrees with the analysis and conclusions set forth in Magistrate Judge Hunt's well-reasoned and thorough Report. First, Defendant has demonstrated that it is the prevailing party and that it is entitled to its attorneys' fees for defending the instant declaratory judgment action. Contrary to Plaintiff's assertions, Judge Hunt's reliance on *O'Malley* does not support Plaintiff's position. Here, as in *O'Malley*, when Plaintiff voluntarily dismissed the declaratory judgment action, Defendant received the benefit of representation in the underlying action. *O'Malley v. Nationwide Mut. Fire Ins. Co.*, 890 So. 2d 1163, 1164 (Fla. 4th DCA 2004). Therefore, like the insurer in *O'Malley*, Plaintiff's voluntary dismissal should be considered the "functional equivalent of a confession of judgment or a verdict in favor of the insured." *Id.* This is true regardless of whether the underlying dismissal was with or without prejudice.[2]

The Court has also considered *O.A.G. Corp. v. Britamco Underwriters, Inc.*, 707 So. 2d 785 (Fla. 3d DCA 1998) but finds it distinguishable. Unlike the instant action, it does not appear that *Britamco* involved a situation where the insurer furnished a defense to the insured. *See O'Malley*, 890 So. 2d at 1165; *see also Coppola v. Federated Nat. Ins. Co.*, 939 So. 2d 1171, 1174 (Fla. 4th DCA 2006). Further, the court in that case did not deny fees to the insured; it simply found that the insured had prematurely sought the fees.

Plaintiff also argues that the cases Judge Hunt relied on are inapplicable because those actions ended in involuntarily dismissals, whereas here the action was voluntarily dismissed. But Plaintiff fails to cite any authority that stands for the proposition that attorney's fees are only

---

[2] Should the Gilberts refile their action against Defendant, and should Plaintiff refile this declaratory judgment action, Plaintiff may seek Rule 60 relief, if appropriate.

3

recoverable in cases where the insurer involuntarily dismisses the declaratory judgment action. To the contrary, Judge Hunt correctly observed that "[c]ourts within this District and Florida state courts have held that voluntary dismissals and dismissals without prejudice entitle the insured to an award of attorneys' fees under § 626.9373." [DE 25] at 5; *see also Atain Specialty Ins. Co. v. Henry's Carpet & Interiors, Inc.*, 564 F. Supp. 3d 1265, 1270 (S.D. Fla. 2021) ("[A]ny dismissal in favor the insured—even one without prejudice—constitutes a 'rendition of judgment in favor' the insured for purposes of [§ 626.9373].").

Second, regarding the timeliness of Defendant's Motion, the Court agrees with Judge Hunt that "the Order dismissing the action in this Court is the Order that gave rise to Defendant's claim for attorneys' fees." [DE 25] at 5; *see also* S.D. Fla. L.R. 7.3(a)(1) (requiring that motions for attorneys' fees be filed "within sixty (60) days of the entry of the final judgment or order giving rise to the claim . . .").

Finally, turning to Plaintiff's argument that Defendant initially relied on the wrong statute, the Court agrees with the authority cited by Defendant that "failure to cite to the correct statute that serves as the basis for awarding attorney's fees in actions against surplus line insurers in not a basis for dismissal." *Clay Hotel P'ship, Ltd. v. Tokio Marine Kiln Syndicate 1880*, No. 21-20058-CV, 2021 WL 6135140, at *3 (S.D. Fla. Mar. 22, 2021).

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [DE 25] is hereby **APPROVED**;

2. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation [DE 26] are **OVERRULED**;

3. Defendant's Motion for Attorneys' Fees [DE 16] is hereby **GRANTED**; and

4.       Defendant is hereby awarded attorneys' fees in the amount of $15,515.50.[3]

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 15th day of August, 2022.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record

---

[3] In its Response to Plaintiff' objections, Defendant seeks supplemental attorneys' fees incurred subsequent to Defendant's filing of the. *See* [DE 27] at 8. Defendant may not seek supplemental fees in a response to an objection to a Magistrate Judge's Report and Recommendation. Defendant must instead file a separate motion for supplemental attorneys' fees to be referred to the Magistrate Judge.