UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 21-61867-CIV-DIMITROULEAS/HUNT

KINSALE INSURANCE COMPANY,

    Plaintiff,

v.

BEST WELLNESS USA, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Defendant's Supplemental Motion for Attorneys' Fees, ECF No. 30. The Honorable William P. Dimitrouleas referred the Motion to the undersigned for a Report and Recommendation. ECF No. 31; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the record, applicable law, and the Motion, the undersigned respectfully RECOMMENDS that Defendant's Supplemental Motion for Attorneys' Fees, ECF No. 30, be DENIED for the reasons set forth below.

## BACKGROUND

Kinsale Insurance Company ("Plaintiff") brought this action against Best Wellness USA, LLC, ("Defendant") and Erin and Patrick Gilbert seeking declaratory relief under an insurance policy that was at issue in a separate litigation ("underlying litigation") between Defendant, the insured under the policy, and Erin and Patrick Gilbert. ECF No. 1. Plaintiff defended Defendant in the underlying action under a complete reservation of rights. *See* ECF No. 1. Plaintiff, as the insurer of the policy, sought declaratory relief claiming that it had no duty to defend or indemnify Defendant in the underlying litigation. ECF No. 1.

Plaintiff filed a notice of voluntary dismissal due to the fact that the Gilberts dismissed the underlying action without prejudice.  ECF No. 14.   The District Court approved the notice, closed the case, and dismissed the case without prejudice.  ECF No 15.

Defendant moved for an award of attorneys' fees.  ECF No. 16.  The undersigned recommended that the District Court grant the motion in its entirety.  ECF No. 25.  Plaintiff objected to the report and recommendation and Defendant responded to Plaintiff's objection.  ECF Nos. 26, 27.  The District Court overruled Plaintiff's objections, affirmed and adopted the undersigned's report and recommendation, and awarded Defendant attorneys' fees.  ECF No. 29.  Defendant now moves to recover for attorneys' fees and costs for responding to Plaintiff's objection.  ECF No. 30.  The deadline to respond to the Motion has passed and no response has been filed.

## **DISCUSSION**

Defendant contends that it is entitled to a supplemental award of attorneys' fees for responding to Plaintiff's objection to the undersigned's previous report and recommendation.  Defendant seeks $3,157 in supplemental attorneys' fees.  The Court previously awarded Defendant attorneys' fees in the amount of $15,515.50.

The undersigned finds *Sequoia Financial Solutions v. Warren* to be instructive.  In *Seqouia Financial Solutions*, the magistrate judge recommended that the defendants be awarded $24,084.45 in attorneys' fees.  Case No. 8:12-CV-2453-T-35EAJ, 2015 WL 13022175, at *1 (M.D. Fla. 2015).   The plaintiff objected to the report and recommendation's award of attorneys' fees and the defendants responded.  *Id.*  The district court adopted the report and recommendation and awarded the defendants attorneys' fees.  *Id.*  Afterwards, the defendants moved for a supplemental award of fees

for time spent responding to the plaintiff's objections. *Id.* The magistrate judge denied defendants' supplemental request for attorneys' fees and stated:

> While fees for fees litigation is a well recognized principle, Defendants' supplemental request for fees (more than ten percent of the fee awarded for the litigation) in responding to objections to the Report and Recommendation is not appropriate. ***There has to be some end to ancillary litigation***. Awarding fees in connection with the Report and Recommendation process would lead only to another round of litigation.

*Id.* at *2 (emphasis added).

Similarly, here, Defendant seeks $3,159, approximately 20% of the previous award ($15,515.50). The undersigned agrees with *Seqouia Financial Solutions* that there must be an end to the ancillary litigation and that seeking fees for responding to objections to a report and recommendation is not appropriate. If Plaintiff had responded to the instant motion, Defendant might well have sought additional fees. And if there are any objections to the undersigned's report and recommendation, Defendant, again, could seek fees for that briefing. The result is a never-ending cycle of fee litigation. At a certain point, fee litigation must end. Therefore, the undersigned recommends that Defendant's Motion be DENIED.

## **RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Defendant's Supplemental Motion for Attorneys' Fees, ECF No. 30, be DENIED.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on

unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 25th day of October 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable William P. Dimitrouleas
All Counsel of Record